UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

FRED GORDON,                              )
                                          )
        Petitioner,                    )
                                          )
  vs.                                     )   Case No. 2:13-cv-037-WTL-WGH
                                          )
SUPERINTENDENT, WABASH                    )
VALLEY CORRECTIONAL FACILITY,             )
                                          )
        Respondent.                    )

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

Fred Gordon ("Gordon") was convicted in an Indiana state court of murder. Claiming that his conviction is tainted by constitutional error, Gordon seeks a writ of habeas corpus.

For the reasons explained in this Entry, Gordon's petition for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue**.**

### Background

Gordon was convicted in Lake County, Indiana of the September 1982 murder of Roger Hilton. Hilton was shot after Gordon had gone to Hilton's trailer, the two had quarreled concerning Hilton's sale of a truck to Gordon, Gordon shot at Hilton inside the trailer, and chased Hilton outside the trailer and there inflicted the fatal shot. Gordon's conviction was

affirmed on direct appeal in *Gordon v. State*, No. 45A04–0905–CR–280 (Ind.Ct.App. Dec. 22, 2009). The trial court's denial of Gordon's petition for post-conviction relief was affirmed on appeal in *Gordon v. State*, No. 45A05–1106–PC–281 (Ind.Ct.App. 2011).

Gordon now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). His claims are that: (1) he did not receive effective assistance of counsel with regard to a rejected plea offer; (2) there was insufficient evidence to support his conviction for murder; (3) there was prosecutor misconduct denying him due process (a) when the State sought testimony regarding whether the investigating officer had previously been accused of falsifying an individual's testimony, and (b) when the prosecutor allegedly misstated the evidence during closing argument.

## Applicable Law

"A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996).

Review of the habeas petition here is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lambert v. McBride,* 365 F.3d 557, 561 (7th Cir. 2004). Under the AEDPA, if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only if the state court decision was contrary to, or involved an unreasonable application of, Supreme Court precedent, or if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. 28 U.S.C. § 2254(d)(1), (2); *Early v. Packer,* 537 U.S. 3, 7–8 (2003).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and

nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza,* 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor,* 529 U.S. 362, 405–06 (2000)); *see also Bell v. Cone,* 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith,* 539 U.S. 510, 520 (2003) (quoting *Williams,* 529 U.S. at 413). "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Id.,* 539 U.S. at 520–21 (citations omitted); *see also Williams,* 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett,* 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh,* 521 U.S. at 333, n.7; *Woodford v. Viscotti,* 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter,* 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)).

In examining a habeas petition such as Gordon presents here, the court is required to deny the writ

> so long as the [state courts] *"t[ook] the [constitutional standard] seriously and produce[d] an answer within the range of defensible positions."*

*Murrell v. Frank,* 332 F.3d 1102, 1111–12 (7th Cir. 2003) (quoting *Mendiola v. Schomig,* 224 F.3d 589, 591 (7th Cir. 2000) (emphasis added in *Murrell* ).

In addition to the foregoing substantive standards, "[a] state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). "The procedural default doctrine . . . ordinarily precludes a federal court from reaching the merits of a habeas claim when either (1) the claim that was presented to the state courts and the state-court ruling against the petitioner rests on adequate and independent state law grounds, or (2) the claim was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred. *U.S. ex rel. Adkins v. Akpore*, 2013 WL 2297045 (N.D.Ill. May 24, 2013)(citing cases).

When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted).

**Discussion**

Gordon's habeas claims are that he did not receive effective assistance of counsel with regard to a rejected plea offer, there was insufficient evidence to support his conviction for murder, and there were two instances of prosecutor misconduct.

Gordon committed procedural default with respect to his claim of ineffective assistance of counsel because the specification of ineffective assistance of counsel presented in his petition to transfer to the Indiana Supreme Court was different than the specification presented to the Indiana Court of Appeals in the appeal from the denial of Gordon's petition for post-conviction relief.

Gordon also committed procedural default with respect to his claims of prosecutor misconduct. He waived these claims by failing to make a contemporaneous objection at trial. *See Gray v. Hardy*, 598 F.3d 324, 329 (7th Cir. 2010); *Willis v. Aiken*, 8 F.3d 556, 561 (7th Cir. 1993). The Indiana Court of Appeals recognized, announced, and relied on this waiver. Gordon has not attempted to show cause for and prejudice from his procedural defaults or that the failure of this court to reach the merits of the defaulted claims would result in a fundamental miscarriage of justice.

The last claim in Gordon's habeas petition, and also the only habeas claim which was properly exhausted in the Indiana state courts, is his challenge to the sufficiency of the evidence. This was presented in Gordon's direct appeal.

A federal court evaluating the sufficiency of evidence supporting a conviction must construe that evidence in the light most favorable to the State and determine whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *McFowler v. Jaimet,* 349 F.3d 436, 446 (7th Cir. 2003) (citing *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)).

The relevant inquiry for a federal habeas court reviewing a sufficiency of evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson,* 443 U.S. at 319; *Brumley v. Detella*, 83 F.3d 856, 862 (7th Cir. 1996). Under the AEDPA, federal review of a challenge to the sufficiency of the evidence "turns on whether the state court provided fair process and engaged in reasoned, good-faith decision-making when applying *Jackson's* 'no rational trier of fact' test." *Gomez v. Acevedo,* 106 F.3d 192, 199 (7th Cir. 1997), *vacated on other grounds, Gomez v. DeTella,* 522 U.S. 801 (1997).

Under Indiana law, a person "who knowingly or intentionally kill[s] another human being . . . commits murder." IND. CODE § 35–42–1–1(1). A person acts intentionally if, when he engages in the conduct, it is his conscious objective to do so. IND. CODE § 35-41-2-2(a). A person acts knowingly if, when he engages in the conduct, he is aware of a high probability that he is doing so. IND. CODE § 35-41-2-2(b). The Indiana Court of Appeals reviewed these definitions of the offense and of the state-of-mind requirement and then explained how the evidence was sufficient to support a reasonable inference that Gordon acted with a necessary state of mind.

> Here, the record disclosed that Gordon owed Hilton money for a truck he recently purchased from Hilton. However, instead of money, Gordon offered Hilton a gun to pay off the remainder of his debt. Hilton refused. Shortly before Hilton was found murdered, Hilton and Gordon had an encounter that angered Gordon. After the encounter, Gordon became inebriated and declared that Hilton could not speak to him in that manner and that he was going to dump the truck at Hilton's residence. Gordon admitted to going to Hilton's trailer that night.

>Furthermore, evidence presented at trial showed that there was a firecracker smell inside the trailer, a shattered syrup bottle, and a spent .45 caliber spent casing. In addition, Hilton, who never left his house without wearing his shoes, was found only in his socks. Hilton's body did not have any marks indicating that he was shot at short range during a struggle over the gun, as Gordon claimed.
>
>After the killing, Gordon did not call for medical help even though he knew Hilton had been shot. Moreover, when Gordon talked to Burkholder, he did not mention that the shooting was an accident; rather, he stated that he had killed someone over a car and money.
>
>In sum, it is clear that after his encounter with Hilton on September 24, 1982, Gordon became angered and voiced the intent to leave the truck at Gordon's residence. Based on the circumstantial evidence presented at trial, the jury could then make a reasonable inference that the shooting started inside the trailer. After Hilton fled outside, he received the deadly shot. Due to the absence of any marks on his body, the jury could reasonably infer that Hilton was not killed during a struggle over the weapon. After the killing, Gordon left the scene and did not summon any medical help for Hilton. As a result, we conclude that the State presented sufficient evidence to support that Gordon intentionally or knowingly killed Hilton.

*Gordon v. State*, No. 45A04–0905–CR–280, at pp. 8-10.

The Indiana Court of Appeals= discussion of the evidence recognized the *Jackson* standard and provided Gordon and the State of Indiana with fair process and constituted reasoned, good-faith decision-making when applying *Jackson's* Ano rational trier of fact@ test. This determination that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt did not run afoul of the AEDPA standard as expressed in 28 U.S.C. ' 2254(d)(1). Hence, Gordon is not entitled to relief based on this claim.

## Conclusion

This court has carefully reviewed the state record in light of Gordon's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. As to the sole habeas claim fairly presented in the Indiana state courts, the

Indiana Court of Appeals recognized and identified the governing standard, as determined by the Supreme Court of the United States, and "took the constitutional standard seriously and produced an answer within the range of defensible positions." *Mendiola,* 224 F.3d at 591. Because the Indiana Court of Appeals did so, Gordon's habeas claims do not support the relief he seeks here. *Murrell,* 332 F.3d at 1111 (citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

Gordon's petition for a writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

## Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Gordon has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: __08/15/2013__

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Fred E. Gordon
#194863
Wabash Valley Correctional Facility
Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN  47838

Electronically Registered Counsel